MARÍA FRÍAS DE RECURT, Plaintiff and Appellee, v. MANUEL GONZÁLEZ, MARÍA N. DE GONZÁLEZ and IGNACIO ARROYO MARTÍNEZ, Defendants and Appellants.

No. 3862. Argued March 15, 1926.—Decided March 26, 1926.

*José C. Rivera* for the appellants. *González Fagundo & González, Jr.,* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

The appellee bases her motion for dismissal on the ground that no error can be assigned against the judgment of the trial court, alleging that the appeal is frivolous.

The action was to recover on a promissory note for $1,200, with interest at 12 per cent and costs, including $200 as attorney's fees, made by the defendants in favor of the plaintiff. The note is copied into the complaint and was payable on November 24, 1924, it being alleged that it had not been paid.

The defendants did not answer in time and a default judgment was rendered against them, but later the judgment was set aside on their motion and they were allowed to answer. They filed an answer denying "generally all and each of the essential facts of the complaint, with the exception of that referring to the signing by the defendants of the promissory note in the form in which it is copied into the complaint."

At the trial the defendants introduced no evidence and the court sustained the complaint, stating in its judgment that the evidence produced by the plaintiff proved the facts alleged.

The defendants admitted in their answer the authenticity of the promissory note, and that admission, involving in itself the existence of the obligation, established a *prima facie* case in favor of the plaintiff. The allegation that the promissory note had not been paid, because of its negative character, was not required to be proved by the plaintiff. The only effect of such an allegation, if controverted, is to place on the defendants the burden of proving the extinction

of the obligation. Section 108 of the Law of Evidence of March 9, 1904. In that section is incorporated section 1182 of the Civil Code which under similar conditions was applied in the case of *Cochón* v. *Correa*, 32 P.R.R. 674, wherein, by Mr. Justice Aldrey, this court said:

"Section 1182 of the Civil Code prescribes that proof of obligations devolves upon the persons claiming their fulfillment, and that of their extinction upon those opposing it. Consequently, the plaintiff having proved the obligation sought to be enforced, witnessed by a document signed by the defendants and the authenticity and execution of which they have not denied, the burden of proving its extinction by payment was upon the defendants who opposed it; hence, the trial court erred in holding that because of the allegation of the defendants the plaintiff was bound to prove that payment had not been made."

It is useless to consider further the objections of the appellants on other points, for their argument indicates that the appeal is entirely frivolous and was taken for the purpose of delay.

For the foregoing reasons the motion is sustained and the appeal dismissed.